## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

      Plaintiff,

vs.

iCARD GIFT CARD, LLC, a Florida limited
liability company,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, iCARD GIFT CARD, LLC ("Defendant"), by and through undersigned counsel

and pursuant to Fed. R. Civ. P. 12, hereby files its Answer and Affirmative Defenses to Plaintiff's

Complaint, as follows:

1.  Denied.

2.  Calls for a legal conclusion, therefore denied.

3.  Admitted for jurisdictional purposes only.

4.  Denied.

5.  Unknown, therefore denied.

6.  Admitted for venue purposes only.  Otherwise denied.

7.  Admitted for jurisdictional purposes only.  Otherwise denied.

8.  Admitted for venue purposes only.  Otherwise denied.

## FACTUAL ALLEGATIONS

9.  Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## CLASS ACTION ALLEGATIONS

18. (i) Deny that a class exists or that a class should be certified.

18. (ii) Deny that a class exists or that a class should be certified.

19. Deny that a class exists or that a class should be certified.

20. Deny that a class exists or that a class should be certified.

21. Denied.

22. Deny that a class exists or that a class should be certified.

23. Deny that a class exists or that a class should be certified.

24. (a) Denied.

24. (b) Denied.

24. (c) Denied.

24. (d) Denied.

24. (e) Denied.

24. (f) Denied.

24. (g) Denied.

## COUNT I

25. Defendants re-aver each and every answer set forth above as though fully re-stated herein.

26. Denied.

27. Denied that messages were sent without the prior express consent of Plaintiff and the Class.  All other allegations are denied.

28. Denied that messages were sent without the prior express consent of Plaintiff and the Subclass.  All other allegations are denied.

29. Denied.

30. Denied.

31. Calls for a legal conclusion, therefore denied.

32. Calls for a legal conclusion, therefore denied.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants state:

1. Plaintiff's Complaint is subject to the forum selection clause and agreement to arbitrate, as laid out in Terms of Service on Defendant's website.

2. Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel and waiver.

3. Plaintiff's Complaint is barred because she cannot satisfy all the requirements for maintaining a class action under Fed. R. Civ. P. 23.

4. Defendant opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over Defendant's objections, Defendant asserts the

defenses set forth herein against each and every member of the certified class.

5.  Plaintiff was put on notice of privacy rights, pursuant to Defendant's Consumer Privacy Policy on its website:  *www.icardgiftcard.com/about/privacy.aspx.*

6.  Plaintiff expressly consented to receive text messages by providing her cell phone number to the Defendant, and is therefore, barred from any recovery.  *47 U.S.C. §227(b)(1); See, e.g.* Jordan v. ER Solutions, Inc., 900 F.Supp.2d 1323 (Fla. S.D. 2012).

7.  The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as: "equipment which has the capacity – (a) to store or produce telephone numbers to be called, **using a random or sequential number generator**; and (b) to dial such numbers.  *47 U.S.C. §227(a).*  Defendant's messaging system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Furthermore, Defendant only obtained Plaintiff's telephone number through Plaintiff's consent, and thereafter the number was stored with other numbers from consenting consumers.  Only those numbers obtained through consent were then messaged.  Because Defendant did not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendant did not violate the TCPA.

8.  Plaintiff's injunction remedy is barred in light of the fact that Plaintiff has an adequate remedy at law.

9.  Defendant acted in good faith and had reasonable grounds for believing that it acted properly with respect to its communications to Plaintiff and/or potential class members. Any claims for penalties or multiplication of damages, therefore, are foreclosed by virtue of Defendant's good-faith conduct and efforts to comply with applicable law.

10. Plaintiff's claims are barred by applicable statutes of limitations or repose.

## **RESERVATION OF RIGHTS**

Defendants hereby reserve the right to add or amend affirmative defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendant, iCARD GIFT CARD, LLC respectfully requests that this Court enter judgment in their favor, and grant Defendants all such other and further relief as this Court deems just and proper including but not limited to an award of all of Defendants' reasonable attorney's fees and costs incurred in defending this action.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorney for Defendants*
Wells Fargo Tower – Suite 1500
One East Broward Blvd.
Fort Lauderdale, FL  33301
PH:     (954) 745-0588

By:  */s/ Jordan Richards*
     NOLAN K. KLEIN
     Florida Bar No. 647977
     klein@nklegal.com
     amy@nklegal.com
     JORDAN RICHARDS
     Florida Bar No. 108372
     richards@nklega.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk

of the Court using CM/ECF this **1st** of **December**, 2015.

By: */s/ Jordan Richards*

JORDAN RICHARDS
Florida Bar No. 108372

## SERVICE LIST:

**DAVID P. HEALY, ESQUIRE**
*Attorney for Plaintiff*
Florida Bar No. 940410
DUDLEY, SELLERS & HEALY, PL
3522 Thomasville Rd., Suite 301
Tallahassee, Florida 32309
Tel: (850) 222-5400
Fax: (850) 222-7339
dhealy@davidhealylaw.com