IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61718-WPD

CECILIA SNYDER, individually and on
Behalf of classes of similarly situated individuals,

           Plaintiff,

v.

ICARD GIFT CARD, LLC, a Florida limited
liability company,

           Defendant,

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(with incorporated statement of undisputed facts and memorandum of law)**

Defendant, ICARD GIFT CARD, LLC ("Defendant"), pursuant to Fed. R. Civ. P. 56, and Southern District of Florida Local Rule 56.1, files the following Motion for Summary Judgment, as follows:

### I.    STATEMENT OF UNDISPUTED FACTS

1. Defendant is a company that engages in commerce through a website located at www.icardgiftcard.com. *D.E. 16-1*.

2. In mid-2015, Defendant elected to send marketing text messages to individuals who had (a) previously submitted their telephone numbers on the Defendant's website (when purchasing or redeeming a gift card), and (b) <u>specifically opted to receive marketing messages from Defendant</u>. *Id.*

3. The list of all such phone numbers (the "List"), all of which were submitted to Defendant through its website, is maintained by the company that hosts and maintains Defendant's website, Spectra Storm, Inc. *D.E. 16-1; D.E. 16-2*.

4. Spectra Storm provided that List to Defendant, and the List was then forwarded to a third party text messaging service, in order to send marketing text messages to all numbers appearing on the List. *Id.*

5. Two text messages were sent to numbers on the List; one in May 2015, and one in July 2015. *D.E. 16-1*.

6. Defendant never authorized the sending of any marketing or text messages except in May and July, to numbers appearing on the List. *Id.*

7. Defendant is familiar with laws relating to unsolicited text messages, and has never purchased any list of phone numbers, used any automatic or random number generator, or requested that text messages be sent to any phone number that was not on the List. *Id.*

8. Plaintiff filed this lawsuit on August 17, 2015, alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited messages to cellular telephones. *D.E. 1 at ¶3*.

9. Plaintiff alleges that "[b]eginning in 2015, and continuing for weeks if not months, Defendant and its agents caused the mass transmissions of wireless spam to the cell phones of individuals it hoped were potential purchasers of its gift cards." *Id. at ¶13*.

10. Plaintiff alleges herself to have received such a text message in July 2015. *Id. at ¶14-15*.

11. On May 13, 2015, Plaintiff redeemed a gift card in the amount of $10.00 on the Defendant's website (www.icardgiftcard.com), and while redeeming the gift card, Plaintiff specifically

2

opted to receive marketing messages from the Defendant while submitting her new customer account information. *D.E. 16-1; D.E. 16-2*.

12. The new customer account submission form includes the following express written provision: "Yes, please include my contact information in the iCARD Gift Card marketing list. I understand that I can remove myself from the list at anytime by clicking the unsubscribe link in marketing emails or by contacting support." *D.E. 21-1; D.E. 21-2*.

13. There is no asterisk next to the field for "Cell Phone," signifying that a cellular phone number was not required in order to redeem the gift card. *Id.*

14. Plaintiff nevertheless voluntarily provided her cellular phone number when she redeemed her gift card, and submitted her information with the consent box checked, indicating her desire to receive the marketing information at issue. *Id.*

15. After Plaintiff had voluntarily submitted her phone number, the phone number was kept logged with those of other consumers who had expressly consented to receiving marketing messages from Defendant. *D.E. 21-1; D.E. 21-3*.

16. Plaintiff was then messaged on her cellular phone, only after she had provided express consent to receive such marketing messages. *Id.*

17. Plaintiff alleges that Defendant violated the TCPA inasmuch as the text message sent to Plaintiff (and others) were made "using a random or sequential number generator and to automatically dial such numbers without human intervention" and "*en masse* through the use of a short code without the prior express written consent of Plaintiff and the Subclass." *Id.* at ¶27-28.

18. Plaintiff's Complaint conspicuously fails to identify the cellular phone number to which the alleged unlawful text messages were purportedly sent. *D.E. 1*.

3

19. Defendant (through counsel) requested to know the phone number that allegedly received unauthorized text messages. *D.E. 16-3*.

20. Plaintiff (through counsel) responded that "I understand that the phone number is 702-███-8828."[1] *Id.*

21. Plaintiff immediately instructed Spectra to search the List that was provided to the text messaging company for that phone number; however, that phone number was not on the list. *D.E. 16-1; D.E. 16-2*.

22. Defendant then advised Plaintiff that a match could not be found for the number provided by Plaintiff, to which counsel for Plaintiff responded: "I may have sent you an incorrect number. Please consider this one… 702-███-1058." *D.E. 16-3*.

23. Plaintiff then requested that Spectra search this List for this second number, but it was also not on the List. *D.E. 16-1; D.E. 16-2*.

24. Any phone number appearing on the List, has been submitted with the user's express consent, and only those numbers are sent marketing text messages. *Id.*

25. On September 8, 2015, Plaintiff finally (on her third try) provided a number contained on the List, associated with Plaintiff, and as to which Plaintiff expressly agreed to receive messages such as those here at issue. *D.E. 16-3*.

    II.    **MOTION FOR SUMMARY JUDGMENT**

This is a straightforward case. Plaintiff cannot establish an indispensable element under the TCPA. Plaintiff provided Defendant with express written consent to receive marketing text messages when she redeemed a gift card on Defendant's website, and submitted her new customer information. Plaintiff opted to provide her phone number (which was *not* required to finalize her

---

[1] Full phone number redacted for Plaintiff's privacy.

4

purchase), and submitted this information along with a checked off box, indicating that she wished to receive marketing materials. Plaintiff's TCPA claim therefore lacks any merit, and Defendant is entitled to Summary Judgment.

### III. MEMORANDUM OF LAW

#### a. Motion for Summary Judgment

On a motion for summary judgment the movant has the initial burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party does so, the burden then shifts to the non-moving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The non-moving party must show more than the existence of a "metaphysical doubt" regarding the material facts, and a "scintilla" of evidence is insufficient. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 586 (1986). Viewing the facts in the light most favorable to the non-moving party, there must be evidence such that a finder of fact could return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251 (1986). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

#### b. When redeeming her gift card, Plaintiff was provided a written disclosure on the account registration page, and thereafter specifically elected to receive marketing text messages from the Defendant on her cellular phone.

In order to state a claim for violation of the TCPA, a Plaintiff must show that (1) a call was made to a cellular or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) **without prior express consent of the called party**. 47 U.S.C. § 227(b)(1)(A); Augustin v. Santander consumer USA, Inc., 43 F. Supp. 3d 1251 (M.D. Fla. 2012).

5

Express consent is consent that is *clearly and unmistakably* stated (emphasis added). Satterfield v. Simon & Schuster, 569 F.3d 946, 953 (9th Cir. 2009). Furthermore, "prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorized the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages…" 47 C.F.R. § 64.1200(f)(8). "The term 'signature' shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.´ 47 C.F.R. § 64.1200(f)(8)(ii). The burden of establishing that Plaintiff consented to receive text messages falls upon Defendant. *Id.* When a Plaintiff provides consent to be contacted, her TCPA claim necessarily fails. Jordan v. ER Solutions, Inc., 900 F.Supp. 2d 1323, 1327 (S.D. Fla. 2012)(as a term and condition of her purchase, consumer gave express consent to automated calls, allowing Defendant to use any information provided to contact her, and thereby defeating any TCPA claims).

Here, Plaintiff unequivocally and expressly consented to receive marketing texts messages after being provided a written disclosure on the account registration page. On May 13, 2015, Plaintiff redeemed a gift card in the amount of $10.00 on the Defendant's website (www.icardgiftcard.com), and while redeeming the gift card, Plaintiff specifically opted to receive marketing messages from the Defendant while submitting her new customer account information. *D.E. 16-1; D.E. 16-2.* Notably, the new customer account submission form includes the following express written provision: "**Yes, please include my contact information in the iCARD Gift Card marketing list. I understand that I can remove myself from the list at anytime by clicking the unsubscribe link in marketing emails or by contacting support** [emphasis added]." *D.E. 21-1; D.E. 21-2.*

6

Furthermore, as evidenced by this screenshot, there is no asterisk next to the field for "Cell Phone," signifying that a cellular phone number was not required in order to redeem the gift card. *Id.* Yet, Plaintiff nevertheless <u>voluntarily</u> provided her cellular phone number when she redeemed her gift card, and submitted her information with the consent box checked, indicating her desire to receive the marketing information at issue. *Id.* After Plaintiff's voluntarily submission of her cellular phone number, the phone number was kept logged with other consumers who had expressly consented to receiving marketing messages. *D.E. 21-1; D.E. 21-3.* Plaintiff was then messaged on her cellular phone, having provided express consent to receive such marketing messages. *Id.* The express written consent submitted by the Plaintiff on May 13, 2013, negates any claim now made under 47 U.S.C. § 227. *See* <u>Jordan</u>, 900 F. Supp. 2d at 1327.

## IV.    CONCLUSION

In this case, Defendant has demonstrated that Plaintiff specifically provided express written consent, on May 13, 2013, to receive the Defendant's marketing text messages. Plaintiff's allegations that Defendant violated the TCPA are therefore without any merit, as Plaintiff fails to satisfy a required element of any claim for violation of the TCPA. Accordingly, summary judgment in favor of the Defendant is appropriate.

WHEREFORE, for the foregoing reasons, Defendant, ICARD GIFT CARD, LLC, respectfully requests that this Court enter an Order: (a) granting summary judgment in favor of Defendant; and (b) entering all such other relief as is deemed just and equitable under these circumstances.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendant, iCard Gift Card, LLC*
Wells Fargo Tower – Suite 1500
One East Broward Blvd.
Fort Lauderdale, FL  33301
PH:     (954) 745-0588

By:  */s/ Jordan Richards*
NOLAN K. KLEIN
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com
JORDAN RICHARDS
Florida Bar No. 108372
richards@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 28th day of February, 2016.

By:  /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**DAVID P. HEALY, ESQUIRE**
Fla. Bar No. 940410
Dudley, Sellers & Healy, PL
Suntrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, FL  32309
PH:    (850) 222-5400
FAX:  (850) 222-7339
dhealy@davidhealylaw.com
*Attorney for Plaintiff*

**EUGENE Y. TURIN, ESQUIRE**
McGuire Law, P.C.
55 West Wacker Drive
9th Floor
Chicago, Illinois  60601
PH:     312-893-7002
*Pro Hac Vice*
*Attorney for Plaintiff*