UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-CV-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

              Plaintiff,

vs.

ICARD GIFT CARD, LLC, a Florida limited
liability company,

              Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ON AUTHORITY OF *SPOKEO INC. v. ROBINS*

THIS CAUSE is before the Court on Defendant Icard Gift Card, LLC's Motion to

Dismiss for Lack of Subject Matter Jurisdiction, on Authority of *Spokeo, Inc. v. Robins*, filed on

May 17, 2016 [DE 47].  The Court has carefully considered the Motion [DE 47], Plaintiff Cecilia

Snyder's Response [DE 51], Defendant's Reply [DE 54], and is otherwise fully advised in the

premises.

    *a. Background*

On August 17, 2015, Plaintiff filed a Class Action Complaint  against Defendant under

the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging that

Defendant directed the transmission of unsolicited text message advertisements to cellular

telephones, including Plaintiff's. *See* [DE 1].  The Court denied Defendant's motion to dismiss

on November 17, 2015, and Defendant filed its answer on December 1, 2015. *See* [DE's 23, 24].

On May 16, 2016, the Court entered an Order denying Defendant's motion for summary

judgment as to Plaintiff's TCPA claim against it. *See* [DE 47].  On May 17, 2016, Defendant

filed the instant Motion, arguing that Plaintiff does not have Article III standing in accordance

with the principles set forth in the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540 (2016).

   *b. Discussion*

   In *Spokeo*, the Supreme Court held that there must be an injury-in-fact which requires a

plaintiff to show that he or she suffered an invasion of a legally protected interest that is concrete

and particularized in order to satisfy the requirements for Article III standing. *See Spokeo*, 136 S.

Ct. at 1548-49. The Court also held that an injury must actually exist to be concrete, and that a

bare procedural violation alone is insufficient to satisfy the demands of Article III, even in the

context of a statutory violation. *Id.*

   Defendant argues that Plaintiff has failed to demonstrate Article III standing because she

fails to allege any concrete injury, but rather only bare procedural violations.  Plaintiff alleges

that Defendant sent a marketing text message to Plaintiff's cell phone without her prior express

consent, in violation of the TCPA. *See* [DE 1].  The TCPA prohibits anyone from using an

automated telephone dialing system to call a cell phone number without the called party's prior

express consent. 47 U.S.C. § 227(b)(l)(A)(iii); *see also Murphy v. DCI Biologicals Orlando,*

*LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).  The TCPA provides a private right of action for any

violation of this provision and permits the recovery of the greater of $500 or actual losses, with

the potential for treble damages if a court determines that the violation was willful. 47 U.S.C. §

227(b)(3).  The Eleventh Circuit has held that a violation of the TCPA is a concrete injury. *See*

*Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir.

2015). As a district court recently held in *Rogers v. Capital One Bank (USA), N.A.*, 2016 WL

3162592, at *2 (N.D. Ga. June 7, 2016), an alleged violation of the TCPA constitutes a concrete injury for purposes of *Spokeo*:

> Here, the Plaintiffs allege that the Defendant made unwanted phone calls to their cell phone numbers, in violation of the TCPA. As the Eleventh Circuit has held, a violation of the TCPA is a concrete injury. Because the Plaintiffs allege that the calls were made to their personal cell phone numbers, they have suffered particularized injuries because their cell phone lines were unavailable for legitimate use during the unwanted calls. The Plaintiffs have alleged sufficient facts to support standing. The Defendant's motion to dismiss should be denied.

*Rogers v. Capital One Bank (USA), N.A.*, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016). *See also Booth v. Appstack, Inc.*, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (holding that a TCPA plaintiff has Article III standing following *Spokeo*). Accordingly, as *Spokeo* does not impact the Court's subject matter jurisdiction over this case, Defendant's motion to dismiss is due to be denied.

### c. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, on Authority of *Spokeo, Inc. v. Robins* [DE 47] is **DENIED**.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida this 7th day of July, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record