IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

       Plaintiff,

v.

ICARD GIFT CARD, LLC, a Florida limited
liability company,

       Defendant.
_____/

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S PLEADINGS, AND DISMISS WITH PREJUDICE**

Defendant, ICARD GIFT CARD, LLC, ("Defendant"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby files its Reply in Support of Defendant's Motion to Strike Plaintiff's Pleadings and Dismiss with Prejudice, and as grounds states:

**I.**    **PREFATORY STATEMENT**

Plaintiff steadfastly refuses to concede any wrongdoing in ignoring a properly noticed deposition on a date that *she* requested. Incredibly, Plaintiff blames her own failure to attend her deposition in South Florida on the fact that Defendant did not file a Motion to Compel.[1] Plaintiff's willful failure to attend her own deposition, or show even a modicum of remorse for failing to

---

[1] If any party should have filed a motion, it is Plaintiff. But as set forth fully below, even if Plaintiff had filed a Motion for Protective Order, she would have still been required to attend the deposition absent a court order to the contrary. In any event, Plaintiff cannot misrepresent to this Court that "Defendant has not engaged in any discovery," and now blame Defendant for her failure to attend properly noticed depositions.

comply with discovery obligations in this district warrants the striking of Plaintiff's pleadings with prejudice.

## II.     FACTS

Defendant filed its Motion to Strike Plaintiff's Pleadings, and Dismiss with Prejudice on December 20, 2016.  *D.E. 62*.  Attached to Defendant's Motion to Strike Pleadings, and Dismiss with Prejudice, are exhibits detailing Defendant's efforts to take Plaintiff's deposition in this lawsuit.  *Id.*  After ignoring Defendant's requests for deposition dates for months, Plaintiff (through her counsel) specifically requested that she be deposed in South Florida on December 19, 2016.  *D.E. 62-7*.  Plaintiff was served with a Re-Notice of Taking Deposition on December 1, 2016.  *D.E. 62-10.*  On December 16, 2016, notwithstanding her failure to file any Motion for Protective Order, Plaintiff advised that she would not attend the properly noticed December 19, 2016, deposition, over Defendant's objections.  *D.E. 62-11*.  Plaintiff now justifies her failure to file any Motion for Protective Order, and her failure to attend the properly noticed deposition, on the basis that Defendant "would not secure CashStar's agreement to not re-depose Plaintiff."[2]  *D.E. 68.*  Plaintiff mistakenly believes that Defendant has an obligation to obtain (or attempt to obtain) CashStar's participation in this lawsuit, before Defendant could ever depose Plaintiff.  *D.E. 68.*  But Defendant has no right to waive any of CashStar's rights, and in any event, this is not a condition precedent for Defendant to depose Plaintiff in this lawsuit.  Plaintiff chose to file this lawsuit in the Southern District of Florida, and cannot decide which rules of procedure she will and will not follow.  Plaintiff made a calculated decision to not attend her deposition, and shows

---

[2] Defendant has been sued by Plaintiff and is therefore entitled to depose Plaintiff under *Fed. R. Civ. P. 30*.  Defendant is not required to secure a non-party's agreement to waive its rights (if it becomes a party to the lawsuit) before Defendant may depose Plaintiff.

no regret whatsoever for this intentional and willful decision. As set forth fully below, Plaintiff's willful conduct warrants the striking of her pleadings.

### III. MEMORANDUM OF LAW

#### a. Plaintiff Never filed a Motion for Protective Order

A party may file a Motion for Protective Order to seek relief from attending a deposition. *Fed. R. Civ. P. 26(c).* But the mere filing of a motion for protective order does not discharge a deponent from appearing for her deposition. *See, e.g.,* Girard v. Aztec RV Resort, Inc., 2011 WL 7946120, at *5 (S.D. Fla. 2011) *citing Appendix A of the S.D. Fla. Local Rules Discovery Practices Handbook.* Indeed, a motion for protective order will not prevent a deposition from occurring; only a Court granting the motion will accomplish this.[3] *Id.*

Here, Plaintiff **did not** file a Motion for Protective Order when she failed to appear for her deposition on December 19, 2016. Plaintiff argues that "if Defendant truly wanted Plaintiff's deposition even with Plaintiff's Motion for Leave to Amend pending, the proper remedy would have been to file a motion to compel Plaintiff's deposition." *D.E. 68.* This is incorrect. Plaintiff was properly noticed for her deposition. *D.E. 62-10.* Therefore, Plaintiff (not Defendant) should have filed a motion for protective order if she was not satisfied with the dates or circumstances surrounding her deposition. *Fed. R. Civ. P. 26(c).* But she did not.[4] Instead, Plaintiff willfully

---

[3] Plaintiff argues that her Motion for Leave "specifically requested that Plaintiff's deposition be postponed to after the Court ruled on that motion." *D.E. 68.* This demonstrates that Plaintiff knew that she was supposed to file a Motion for Protective Order. But even if the Court considers this request as a Motion for Protective Order, the Court never ruled on this request, and therefore Plaintiff was required to attend the December 19, 2016, deposition. In any event, Plaintiff cannot blame Defendant for failing to file a Motion to Compel, when it *appears* as though Plaintiff knew all along that she needed to seek leave of Court to cancel this deposition.

[4] Even if Plaintiff had filed a Motion for Protective Order (which she did not), this would not obviate her need to attend the deposition. *Id.*

3

and intentionally ignore the notice for deposition altogether. *D.E. 62-13.* Without any remorse, hesitation, or pause for concern, Plaintiff now shifts the blame to Defendant, and presumes that she is entitled to unilaterally cancel a properly noticed deposition (on a date that she selected), without filing a Motion for Protective Order, or otherwise seeking leave of Court.[5] *D.E. 68.* Most respectfully, this is not how discovery is conducted in the Southern District of Florida. *See, e.g.,* Girard, 2011 WL 7946120, at *5.

### b. Failure to Attend Deposition Warrants Striking of Pleadings

Incredibly, Plaintiff argues that Defendant has occasioned "no prejudice" from her failure to attend the properly noticed deposition. *D.E. 68.* This Plaintiff has misrepresented to this Court that Defendant "has not engaged in any discovery" on multiple occasions now. *D.E. 60; D.E. 68.* The Court is now apprised of all attempts made by Defendant to depose Plaintiff in this case.[6] *D.E. 62.* **The discovery deadline is January 19, 2017.**[7] *D.E. 26.* But Plaintiff argues that her failure to attend her deposition does not prejudice Defendant in any way. *D.E. 68.* This is not a serious argument. Plaintiff further claims that she "will make herself available for a deposition," but Plaintiff's conduct the past four months demonstrates that she has frustrated every single attempt made by Defendant to depose her. *D.E. 62.* Plaintiff's willful and deliberate failure to attend her properly-noticed deposition on December 19, 2016, warrants the striking of her

---

[5] Plaintiff also *somehow* believes it is proper to seek sanctions against Defendant. This, of course, is just another attempt to deflect accountability for her own failures.

[6] Plaintiff argues that Defendant has improperly attached e-mails containing confidential settlement communications. But evidence of these settlement offers is provided to establish Plaintiff's knowledge that Defendant wanted to depose her; not to prove or disprove liability. *FRE 408; see, also,* Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC, 739 F.Supp.2d 125 (D.Conn. 2010) (Evidence of offer is admissible when it is not being used for its probative value in tending to prove or disprove any elements of claims).

[7] In other words, the discovery deadline is nine (9) days away.

pleadings and entry of default. *See, e.g.,* Zeta Management Corp. v. Parkside Heights Phase One, LLC, 2010 WL 3522002, at *1 (S.D. Fla. 2010) *citing* Int'l Banking Corp. v. Duque-Pena, 767 F.2d 1504, 1507 (11th Cir. 1985); Clark v. Keen, 2009 WL 3022145, at *1 (11th Cir. 2009); Immuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 566 (S.D. Fla. 2001) *citing* Hall v. Leon County Building Supply Company, Inc., 84 F.R.D. 372 (N.D. Fla. 1979). Dismissal is appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault. *See, e.g.,* Clark, 2009 WL 3022145, at *1 *citing* Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). On the other hand, a "simple misunderstanding" does not warrant dismissal. *See, e.g.,* Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).

There is no misunderstanding here. Plaintiff has provided no affidavit testimony whatsoever to demonstrate that her failure to attend the deposition was anything but willful and intentional. *See, e.g.,* Ortega v. Bel Fuse, Inc., 2016 WL 1588393 (S.D. Fla. 2016) (Argument of counsel is insufficient to establish a fact).[8] Even now, when facing possible dismissal of her case, this Plaintiff does not acknowledge even the slightest possibility that her own conduct was inappropriate.[9] This Court should strike Plaintiff's pleadings, and dismiss the case with prejudice for Plaintiff's conduct in this regard.

---

[8] Even if this Court considers argument of Plaintiff's counsel as to whether Plaintiff's failure to attend was deliberate and intentional, Plaintiff's counsel clearly demonstrates that the failure to attend the deposition was intentional and willful, with absolutely no regard for discovery obligations or proper procedure within this district.

[9] Perhaps if Plaintiff had shown even a modicum of remorse for her conduct in willfully failing to attend her deposition, a less draconian remedy would be appropriate. But no such remorse has been shown.

5

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, this Court should strike Plaintiff's pleadings, and dismiss her case with prejudice.

WHEREFORE, for the foregoing reasons, Defendant, ICARD GIFT CARD, LLC, respectfully requests that this Court enter an Order (a) striking Plaintiff's pleadings; (b) dismissing this case with prejudice; and (c) awarding all such other relief as is deemed just and equitable under the circumstances.

DATED this **10th** day of **January**, 2017.

>Respectfully Submitted,
>
>**Law Offices of Nolan Klein, P.A.**
>*Attorneys for Defendant*
>Wells Fargo Tower – Suite 1500
>One East Broward Boulevard
>Fort Lauderdale, FL  33301
>PH:    (954) 745-0588
>
>By:   */s/ Jordan Richards*
>         NOLAN KLEIN, ESQUIRE
>         Florida Bar No. 647977
>         klein@nklegal.com
>         amy@nklegal.com
>         JORDAN RICHARDS, ESQUIRE
>         Florida Bar No. 108372
>         richards@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **10th** day of **January,** 2017.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 647977

## SERVICE LIST:

**DAVID P. HEALY, ESQUIRE**
Fla. Bar No. 940410
Dudley, Sellers & Healy, PL
Suntrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, FL 32309
PH: (850) 222-5400
FAX: (850) 222-7339
**dhealy@davidhealylaw.com**
*Attorney for Plaintiff*

**EUGENE Y. TURIN, ESQUIRE (*pro hac vice*)**
McGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
*Attorneys for Plaintiff*