UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61718-CIV-DIMITROULEAS/Snow

CECELIA SNYDER, individually and on behalf of
similarly situated individuals,

       Plaintiff,

v.

ICARD GIFT CARD, LLC, a Florida limited liability
company, and CASHSTAR, INC.,

       Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendant, iCard Gift Card, LLC's Motion to Strike Plaintiff's Pleadings and Dismiss with Prejudice (ECF No. 62), which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration.

This is an action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The Plaintiff's First Amended Class Action Complaint alleges that Defendants unlawfully market and promote their gift card products via unauthorized advertisements in the form of text messages to the cellular phones of consumers throughout the nation. (ECF No. 65)[1]

Defendant, iCard Gift Card, LLC ("iCard"), filed the instant motion following its unsuccessful attempts, before the Plaintiff amended her complaint, to take her deposition. According to iCard, these efforts commenced on September 7, 2016 when it requested that Plaintiff's counsel agree on a mutually agreeable date during the next 30-45 days. That request and two others in October went without response. On November 1, 2016, iCard noticed Plaintiff's deposition for

---

[1] The Plaintiff was granted leave to amend her complaint to add Defendant Cashstar, Inc., after the instant motion was filed.

November 29, 2016. On November 17, 2016, the Plaintiff advised she was not available on November 29. When the Plaintiff confirmed her availability for deposition on December 19, 2016, iCard re-noticed her deposition for that date. On Friday, December 16, 2016, the Plaintiff advised she would not attend the deposition on December 19. According to iCard, the only excuse offered by the Plaintiff was that her motion to amend the complaint was pending. iCard characterizes the Plaintiff's refusal at the eleventh hour to attend her duly noticed deposition willful and argues that the dismissal with prejudice of her claims is warranted.

According to the Plaintiff, after she agreed to the December 19, 2016 date for her deposition, she became aware of Cashstar's involvement in the unauthorized text messages at issue. Plaintiff is a Nevada resident. In an effort to avoid having to attend multiple out-of-state depositions, on December 1, 2016, she informed the iCard that she would proceed with the December 19 deposition only if iCard was able to secure an agreement from Cashstar that the Plaintiff would not be re-deposed, and that Cashstar's counsel would also attend the deposition. The Defendant never responded to Plaintiff's request and on December 16, 2016, the Plaintiff reiterated that she would not appear on December 19. However, she advised that she was amenable to re-scheduling the deposition for a date after the new Defendant, Cashstar appeared in the case. Although at present, the deadline for completion of discovery is January 19, 2017 (ECF No. 26), it is the Plaintiff's position that now that she has been granted leave to file an amended complaint, and Cashstar has been served, the Court's pre-trial deadlines will have to be adjusted to accommodate the addition of the new party, and there will be time to conduct the deposition with the attendance of all parties.[2]

Pursuant to Fed.R.Civ.P. 37(d) a party who fails to appear for a properly noticed deposition may be subject to any of the sanctions listed in Rule 37(b)(2)(A)(i)-(iv). These include:

---

[2] The Court denied without prejudice Plaintiff's motion to extend the pre-trial deadlines in this case to renew following Cashstar's appearance in this case. (ECF No. 64) Cashstar was served on January 4, 2017, but has not filed its answer as of the date of this Order.

>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>   (iii) striking the pleadings in whole or in part;
>   (iv) staying further proceedings until the order is obeyed;
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or

These sanctions are not exclusive and courts have broad discretion in imposing consequences for abusive discovery practices or for a failure to preserve the integrity of the discovery process. Sphinx Intern., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 2003 WL 24871000, *8 (M.D. Fla. Mar. 21, 2003)(citing Aztec Steel Co. v. Florida Steel Corp., 691 F.2d. 480, 482 (11th Cir., Nov. 4, 1982)). Thus a district court may impose "an order treating as contempt of court the failure to obey any orders." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 695 (1982). A court also has inherent powers to impose sanctions to achieve the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)[3] Implicit in the Rule is the recognition that in cases of discovery abuse, the non-offending party should at the very least be compensated by the non-complying party and/or its counsel, if circumstances warrant, for the added expenses caused by the violation. See BankAtlantic, 130 F.R.D. at 154 (S.D. Fla. 1990).

---

[3] The extensive sanctions available to courts for abusive discovery practices are necessary to compensate the court and parties, facilitate discovery, and deter abuse of the discovery process. As stated by the Supreme Court in National Hockey League, 427 U.S. at 643, even the "most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction but to deter those who might be tempted to such conduct in the absence of such deterrent." Id. Accord Gratton v. Great American Communications, 178 F.3d. 1373, 1374-75 (11th Cir., Jun. 29, 1999)("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 130 F.R.D. 153, 154 (S.D. Fla., Jun. 19, 1990) ("Enforcement of the sanctions order is necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process.") Furthermore, sanctions should insure that the party complying with discovery is not prejudiced. Id.

Although a court is granted broad discretion in imposing appropriate sanctions for discovery violations, that discretion is not without limit.  To impose the ultimate sanction of default or dismissal requires a finding of bad faith on the part of the non-complying party.  <u>Societe Internationale pour Participations Industrielles Et Commerciales, S.A. v. Rogers</u>, 357 U.S. 197, 212 (1958).  A discovery violation caused by simple negligence, misunderstanding, or inability to comply will not justify a default judgment or dismissal. <u>In re Chase Sanborn Corp.</u>, 872 F.2d 397, 400 (11th Cir., May 9, 1989); <u>E.E.O.C. v. Troy State University.</u>, 693 F.2d 1353, 1358 (11th Cir., Dec. 20, 1982).  Finally, the severe sanction of default or dismissal is appropriate only as a last resort, when less draconian sanctions will not cure the prejudice or otherwise ensure future compliance with discovery obligations. <u>Navarro v. Cohan</u>, 856 F.2d 141, 142 (11th Cir., Sep. 28, 1988).

iCard cites <u>Zeta Management Corporation v. Parkside Heights Phase One, LLC</u>, 2010 WL 3522002 (S.D. Fla., Sep. 7, 2010) for the proposition that the drastic sanction of striking the Plaintiff's pleadings is appropriate for the Plaintiff's failure to appear on December 19.  However, in that case the deponent defied an order compelling him to appear for deposition having previously failed to do so.  In this case, it appears that the Plaintiff reasonably was attempting to secure an agreement to conserve resources and avoid the necessity to travel twice to this jurisdiction from Nevada for deposition.  iCard did not move to compel her attendance before resorting to its request for the draconian sanction of dismissal with prejudice.  Under these circumstances the relief iCard seeks is unwarranted when any prejudice it has suffered can easily be cured by requiring the Plaintiff to make herself available for deposition at a mutually agreeable date and time after Cashstar appears in this case.  Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Plaintiff's Pleadings and Dismiss with Prejudice (ECF No. 62) is DENIED.  The Plaintiff shall make herself

available for deposition at a mutually agreeable date and time after Cashstar appears in this case.

DONE AND ORDERED at Fort Lauderdale, Florida, this 19th day of January, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties