UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-CV-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

       Plaintiff,

vs.

ICARD GIFT CARD, LLC, a Florida limited
liability company, and CASHSTAR, INC.,
a Delaware corporation,

       Defendants.
_____/

**ORDER DENYING DEFENDANT ICARD GIFT CARD, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
OR, IN THE ALTERNATIVE, FOR IMPROPER VENUE**

THIS CAUSE is before the Court on Defendant iCard Gift Card, LLC's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Improper Venue, filed on February 1, 2017. [DE 80].  The Court has carefully considered the Motion [DE 80], Plaintiff Cecilia Snyder's Response [DE 87], Defendant's Reply [DE 92], and is otherwise fully advised in the premises.

    *a. Background*

On August 17, 2015, Plaintiff filed a Class Action Complaint  against Defendant iCard Gift Card, LLC ("iCard" or "Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging that Defendant directed the transmission of unsolicited text message advertisements to cellular telephones, including Plaintiff's. *See* [DE 1].  On October 1, 2015, Defendant filed a motion to dismiss. See [DE 16].  The Court denied Defendant's motion to dismiss on November 17, 2015, and Defendant filed its answer on

1

December 1, 2015. *See* [DE's 23, 24]. On February 28, 2016, Defendant filed a motion for summary judgment. *See* [DE 34]. On May 16, 2016, the Court entered an Order denying Defendant's motion for summary judgment. *See* [DE 46]. On May 17, 2016, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, on Authority of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), arguing that Plaintiff does not have Article III standing. *See* [DE 47]. The Court denied Defendant's motion on July 7, 2016. *See* [DE 55].

On December 5, 2016, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion to Amend"), seeking to add CashStar, Inc. ("CashStar") as a party defendant. *See* [DE 60]. Plaintiff explained that she had learned through recently produced discovery that CashStar was also liable for the alleged TCPA violations in this action, because CashStar directed Defendant iCard to undertake the unlawful text message marketing activity at issue in this case, and that CashStar directly benefited from iCard's advertising efforts. *See* [DE 55]. While the Motion to Amend was being briefed, Defendant iCard filed a Motion to Strike Plaintiff's Pleadings, and Dismiss With Prejudice, as sanctions for alleged discovery violations. *See* [DE 62]. On December 27, 2016, the Court granted Plaintiff leave to file her first amended complaint, adding CashStar as a party defendant. *See* [DE 64]. The First Amended Complaint was filed on December 28, 2016. *See* [DE 65]. The Motion to Strike Plaintiff's Pleadings, and Dismiss With Prejudice [DE 62] was denied on January 19, 2017. *See* [DE 75]. On February 1, 2017, Defendant iCard filed the instant Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Improper Venue. [DE 80].

    *b. Discussion*

Defendant iCard argues that the Court should dismiss Plaintiff's TCPA claim against it on two grounds: (1) improper venue pursuant to Fed. R. Civ. P. 12(b)(3) based on a forum-

2

selection clause in iCard's Terms of Service hyperlink requiring exclusive jurisdiction in the state courts of the State of Missouri; and (2) failure to state a claim against iCard pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons explained below, both of these arguments fail.

First, the Court agrees with Plaintiff that iCard waived its right to move to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) when it failed to raise this claim in its previous motions, as it is clearly "raising a defense or objection that was available to the party but omitted from its earlier motion." *See* Fed. R. Civ. P. 12(g)(2); 12(h)(1).  Further, to the extent the Court has discretion to excuse iCard's waiver of its ability to argue about an improper venue selection, the Court would decline to do so, based on both the substantial litigation that has taken place in this case over the past approximately twenty (20) months, *see supra*, and the fact that the First Amended Complaint does not significantly alter Plaintiff's TCPA claim as to Defendant iCard.[1]

Second, iCard's argument that Plaintiff fails to state a claim against iCard pursuant to Fed. R. Civ. P. 12(b)(6) because there is no recognized cause of action for aiding and abetting under the TCPA is a red herring.  Plaintiff's First Amended Complaint does not allege an aiding and abetting claim against iCard under the TCPA.[2]  Rather, Plaintiff alleges that Defendant iCard directly violated the TCPA by allegedly transmitting an unsolicited telemarketing SMS text message to Plaintiff's cellular telephone without Plaintiff's consent. *See* [DE 65] at ¶¶ 13-16, 22, 23.

---

[1] Thus this case is significantly different from the situation in *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194 (11th Cir. 2011), in which the Eleventh Circuit held that a defendant's right to compel arbitration, which had otherwise been waived by defendant's litigation conduct, was revived by the plaintiff's filing of an amended complaint, which greatly changed the scope of the case against defendant.

[2] Whether Plaintiff has stated a claim for a violation of the TCPA against Defendant CashStar under a vicarious liability theory for allegedly directing Defendant iCard to transmit the unsolicited text message without Plaintiff's consent is an entirely distinct issue from the issue of whether Plaintiff has stated a direct liability claim pursuant to the TCPA against Defendant iCard for allegedly sending the text message.  The Court will address the viability of Plaintiff's vicarious liability claim against CashStar by separate order.

*c. Conclusion*

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant iCard's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Improper Venue [DE 80] is **DENIED**;

2. Defendant iCard shall file its answer within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida this 27th day of April, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record