UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-CV-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

      Plaintiff,

vs.

ICARD GIFT CARD, LLC, a Florida limited
liability company, and CASHSTAR, INC.,
a Delaware corporation,

      Defendants.
_____/

**ORDER DENYING DEFENDANT CASHSTAR'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,**

THIS CAUSE is before the Court on Defendant CashStar Inc.'s Motion to Dismiss for Failure to State a Claim, filed on February 24, 2017. [DE 84].  The Court has carefully considered the Motion [DE 84], Plaintiff Cecilia Snyder's Response [DE 86], Defendant's Reply [DE 93], and is otherwise fully advised in the premises.

**I.    Background**

On August 17, 2015, Plaintiff filed a Class Action Complaint  against Defendant iCard Gift Card, LLC ("iCard" or "Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging that Defendant directed the transmission of unsolicited text message advertisements to cellular telephones, including Plaintiff's. *See* [DE 1].  On December 5, 2016, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion to Amend"), seeking to add CashStar, Inc. ("CashStar") as a party defendant. *See* [DE 60]. Plaintiff explained that she had learned through recently produced discovery that CashStar was also liable for the alleged TCPA violations in this action, because CashStar directed Defendant

1

iCard to undertake the unlawful text message marketing activity at issue in this case, and that CashStar directly benefited from iCard's advertising efforts. *See* [DE 55].  On December 27, 2016, the Court granted Plaintiff leave to file her first amended complaint, adding CashStar as a party defendant. *See* [DE 64].  On February 24, 2017, Defendant CashStar filed the instant Motion to Dismiss for Failure to State a Claim. [DE 84].

## II.     Standard of Review

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.     Discussion

Defendant CashStar argues that the Court should dismiss Plaintiff's TCPA claim against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately plead a claim for a violation of the TCPA against Defendant CashStar under a vicarious liability theory[1] for allegedly directing Defendant iCard to transmit the unsolicited text message without Plaintiff's consent.[2]

Plaintiff alleges a vicarious liability claim pursuant to the TCPA against Defendant CashStar for allegedly directing iCard to advertise the gift cards to consumers and profiting from any of iCard's sales of the gift card products. *See* [DE 65] at ¶¶ 17-21.

The parties agree that the TCPA provides for vicarious liability against a defendant who directs a third-party to conduct telemarketing on its behalf.  *See Shamblin v. Obama for America*, 2015 WL 1754628 (M.D. Fla. Apr. 17, 2015); *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1230 (S.D. Fla. 2013), *rev'd in part*, 768 F.3d 1110 (11th Cir. 2014); *In Re Joint Petition by Dish Network LLC Declaratory Ruling*, 28 FCC Rcd. 6574 (2013) ("*Dish"*).  The FCC envisioned vicarious liability against a defendant seller who "avoid[s] potential liability by outsourcing its telemarketing activities to unsupervised third parties" that are "judgment proof, unidentifiable, or located outside of the United States[.]" *Dish*, 28 FCC Rcd. at ¶ 37.  As the Court noted in *Shamblin*, the "FCC has explained that vicarious liability may be predicated upon federal common law agency principles." *Shamblin*, 2015 WL 1754628 at * 6 (citing *Dish*, 28 FCC Rcd. at 6586).  Those principles include classical agency, apparent authority, and ratification. *Id.*  "A court determining the existence of vicarious liability must first assess

---

[1] CashStar's argument that Plaintiff fails to state a claim against CashStar because there is no recognized cause of action for aiding and abetting under the TCPA is a red herring.  Plaintiff's First Amended Complaint does not allege an aiding and abetting claim against CashStar under the TCPA.

[2] Plaintiff alleges a direct liability claim pursuant to the TCPA against Defendant iCard for allegedly sending the text message, and alleges a vicarious liability claim pursuant to the TCPA against Defendant CashStar for allegedly directing iCard to advertise the gift cards to consumers and profiting from any of iCard's sales of the gift card products.

whether the principal had the necessary agency relationship with the direct wrongdoer to support such liability." *Legg v. Voice Media Group, Inc.*, 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014) (*citing CFTC v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1189 (11th Cir. 2009). Additionally, the "FFC has specifically 'rejected' the argument that vicarious liability extends beyond these delineated agency principles in the context of the TCPA." *Shamblin*, 2015 WL 1754628 at * 6 (citing *Dish* at 6585-86).

Thus, to allege the requisite agency relationship to support its TCPA vicarious liability claim against CashStar, Plaintiff must allege facts to show that CashStar "exercised substantial control over" iCard's actions, or "ratification of the agent's conduct, or representations that the agent acts with authority . . ." *Legg*, 20 F. Supp. 3d at 1377 (citing *CFTC*, 575 F.3d at 1189 and *Dish*, 28 FCC Rcd. at 6586-87). As "guidance," the FCC described various "evidence that may demonstrate that the telemarketer is the seller's authorized representative with apparent authority to make the seller vicariously liable for the telemarketer's [TCPA] violations." *Dish*, 28 FCC Rcd. at ¶ 46. Among other factors, "apparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services[.]" *Id.* Additionally, "[t]he ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name . . . may also be relevant." *Id.* Further, "a seller would be responsible under the TCPA . . . if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and . . . failed to take . . . steps . . . to cease that conduct." *Id.*

Importantly, courts analyzing vicarious liability under the TCPA must keep in mind that

4

"[a]gency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Mauer v. Am. Intercontinental Univ., Inc.*, No. 16-cv-1473, 2016 WL 4651395, *2 (N.D. Ill. Sept. 7, 2016) (citing *Dish* at ¶ 46, n.139) ("[N]othing in our ruling requires a consumer to prove at the time of their complaint (rather than reasonably allege) that a call was made on the seller's behalf.")

Here, Plaintiff alleges in its Amended Complaint that iCard markets and sells gift cards for various stores, restaurants, and other businesses. [DE 65] at ¶¶ 6, 7. iCard does not have relationships with the various businesses whose gift cards it sells. ¶ 18. Rather, iCard entered into a contract with CashStar to sell CashStar's gift card products, as it is CashStar that maintains contracts with the various merchants to distribute and sell their gift cards to consumers through retailers such as iCard. ¶ 18; *see* [DE 85-1].

Pursuant to this contract, iCard utilizes CashStar's "API" (Application Program Interface) to connect directly to CashStar's gift card distribution service and sell CashStar's gift card products through iCard's online store and the "iCard Gift Card app" advertised in the text message received by Plaintiff. ¶ 17. Accordingly, the CashStar gift card orders that iCard sells on its mobile application and online store are redeemed through CashStar's API, and it is CashStar that fulfills the orders and actually delivers the physical and/or digital gift cards to the purchaser. ¶¶ 17-20. iCard sells and markets CashStar's gift card products that CashStar makes available to iCard and its customers through CashStar's own API interface. ¶ 20. In addition, the contract also grants iCard a "worldwide license" to use CashStar's logos and name and provides that CashStar may prohibit and control iCard's use of such marks. *See* [DE 85, at p. 4, ¶ 5].

As such, CashStar directly profits from iCard's sales of its gift cards and any marketing

conducted by iCard.  Moreover, not only does CashStar provide its gift card products to iCard to sell, iCard utilizes CashStar's system to fulfill customer orders, and CashStar fulfills the gift card orders taken by iCard on its behalf.  Furthermore, CashStar specifically directs iCard to market and promote CashStar's gift cards to consumers through advertising campaigns. [DE 65] at ¶ 21; *see also* [DE 85, at p. 3, ¶ 5].  Viewing the allegations of the Amended Complaint in a light most favorable to Plaintiff, Plaintiff has alleged sufficient facts to support vicarious liability under the TCPA for the unauthorized text messages at issue pursuant to at least two theories, apparent authority and ratification.

    *c. Conclusion*

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant CashStar's Motion to Dismiss for Failure to State a Claim [DE 84] is **DENIED**;

2. Defendant CashStar shall file its answer within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida this 10th day of May, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record