IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61718-WPD

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

    Plaintiff,

v.

ICARD GIFT CARD, LLC, a Florida limited
liability company, and CASHSTAR, INC., a Delaware
corporation,

    Defendants.
_____/

## DEFENDANT, ICARD GIFT CARD, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, ICARD GIFT CARD, LLC, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, files its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, as follows:

### NATURE OF THE ACTION

1. Denied.

2. This is a legal conclusion or statement of law, and not an allegation of fact, to the extent that this paragraph must be admitted or denied, it is denied.

3. Denied.

4. Denied.

### PARTIES

5. ICARD is without knowledge to admit or denied the allegations in Paragraph 5, therefore they are denied.

6. ICARD admits in Paragraph 6 that it is a Florida limited liability company, with a principal address in Ft. Lauderdale, Florida, and that it is subject to the jurisdiction of the Southern District Court of Florida. All other allegations in Paragraph 6 are denied.

7. ICARD is without knowledge to admit or denied the allegations in Paragraph 7, therefore they are denied.

## **JURSIDICTION AND VENUE**

8. Denied.

9. Admitted for venue purposes only, otherwise denied.

## **COMMON ALLEGATIONS OF FACT**

10. ICARD is without knowledge to admit or denied the allegations in Paragraph 10, therefore they are denied.

11. ICARD is without knowledge to admit or denied the allegations in Paragraph 11, therefore they are denied.

12. ICARD is without knowledge to admit or denied the allegations in Paragraph 12, therefore they are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## CLASS ALLEGATIONS

24. ICARD admits that Plaintiff seeks to represent a class, but denies that a class exists or that a class should be certified. Any other allegations contained within this paragraph are denied.

25. ICARD admits that Plaintiff seeks to represent a class, but denies that a class exists or that a class should be certified. Any other allegations contained within this paragraph are denied.

26. Denies that a class exists or that a class should be certified. Any other allegations contained within this paragraph are denied.

27. Denied.

28. ICARD denies that a class exists or that a class should be certified. All allegations contained within this paragraph are denied.

29. Denies that a class exists or that a class should be certified.

30. ICARD denies each and every allegation in paragraph 30, including subparts (a) through (f).

## COUNT I
## Violation of the Telephone Consumer Protection Act
## against Defendants on behalf of the Class

31. ICARD incorporates by reference the foregoing denials and admissions as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. This is a legal conclusion or statement of law, and not an allegation of fact, to the extent that this paragraph must be admitted or denied, it is denied.

WHEREFORE, Defendant, ICARD GIFT CARD, LLC, respectfully requests that this Court enter judgment in their favor, and grant ICARD all such other and further relief as this Court deem just and proper including but not limited to an award of all of ICARD's reasonable attorney's fees and costs incurred in defending this action.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, ICARD states:

1. Plaintiff's claim are subject to the forum selection clause and agreement to arbitrate, as laid out in Terms of Service on ICARD's website.

2. Plaintiff's claims and cause of action alleged therein, is barred by the doctrine of laches, estoppel, waiver, and/or unclean hands.

3. Plaintiff's claims cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification under Fed. R. Civ. P. 23.

4. ICARD opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over ICARD's objections, ICARD asserts the defenses set forth herein against each and every member of the certified class.

5. Plaintiff was put on notice of privacy rights, pursuant to ICARD's Consumer Privacy Policy on its website: *www.icardgiftcard.com/about/privacy.aspx*.

6. Plaintiff's claims are barred because ICARD was provided with "prior express consent" within the meaning of the TCPA, prior to sending any alleged text messages at issue. *47 U.S.C. § 227(b)(1); see, e.g.,* <u>Jordan v. ER Solutions, Inc.</u>, 900 F.Supp.2d 1323 (S.D. Fla. 2012).

7. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as: "equipment which has the capacity – (a) to store or produce telephone numbers to be called, **using a random or sequential number generator**; and (b) to dial such numbers." *47 U.S.C. § 227(a).* ICARD's messaging system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Furthermore, ICARD only obtained Plaintiff's telephone number through Plaintiff's consent, and thereafter the number was stored with other numbers from consenting consumers. Because ICARD did not use an "automatic telephone dialing system" within the meaning of the TCPA, ICARD did not violate the TCPA.

8. Plaintiff's claims for injunctive remedy is barred because Plaintiff has an adequate remedy at law.

9. Plaintiff is precluded from any recovery from ICARD for any alleged violation of the TCPA because any such violation (which ICARD denies occurred) would not have been willful or knowing. ICARD, at all times, has in good faith, reasonably believed that it has complied fully with federal law.

10. Plaintiff's alleged damages are the result of acts or omissions committed by Plaintiff.

11. ICARD acted in good faith and had reasonable grounds for believing that it acted properly with respect to its communications to Plaintiff and/or potential class members. Any

claims for penalties for multiplication of damages, therefore, are foreclosed by virtue of ICARD's good-faith conduct and efforts to comply with applicable law.

12. Plaintiff's claims are barred by applicable statutes of limitations or repose.

## **RESERVATION OF RIGHTS**

ICARD hereby reserves the right to add or amend affirmative defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendant, ICARD GIFT CARD, LLC, respectfully requests that this Court enter judgment in their favor, and grant ICARD all such other and further relief as this Court deem just and proper including but not limited to an award of ICARD's reasonable attorney's fees and costs incurred in defending this action.

DATED this **12th** day of **May**, 2017.

                        Respectfully Submitted,

                        **Law Offices of Nolan Klein, P.A.**
                        *Attorney for Defendant, ICARD GIFT CARD, LLC*
                        Wells Fargo Tower – Suite 1500
                        One East Broward Boulevard
                        Fort Lauderdale, FL  33301
                        PH:     (954) 745-0588

                   By:  /s/ Hector V. Ramirez
                        HECTOR V. RAMIREZ, ESQ.
                        Florida Bar No. 484857
                        ramirez@nklegal.com
                        NOLAN KLEIN, ESQ.
                        Florida Bar No. 647977
                        klein@nklegal.com
                        amy@nklegal.com
                        robin@nklegal.com

*~and~*

**Stevenson McKenna & Callanan LLP**
Alan E. McKenna, Esquire
ADMITTED PRO HAC VICE
*Attorneys for Defendant, CASHSTAR INC.*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Ph:  781-740-1115
Fax:  617-330-5011
amckenna@smcattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **12th** day of **May**, 2017.

By:   */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQ.
Florida Bar No. 484857

## SERVICE LIST:

**DAVID P. HEALY, ESQUIRE**
Fla. Bar No. 940410
Dudley, Sellers & Healy, PL
Suntrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, FL 32309
PH:    (850) 222-5400
FAX:   (850) 222-7339
*dhealy@davidhealylaw.com*
*Attorney for Plaintiff*

**EUGENE Y. TURIN, ESQUIRE**
*Pro Hac Vice*
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
*eturin@mcgpc.com*
*Attorney for Plaintiff*