IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 0:15-cv-61718-WPD**

CECILIA SNYDER, individually and on
behalf of classes of similarly situated individuals,

    Plaintiff,

v.

ICARD GIFT CARD, LLC, a Florida limited
liability company, and CASHSTAR INC.,
a Delaware corporation,

    Defendants.
_____/

**DEFENDANT, CASHSTAR INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, CashStar Inc., ("CashStar"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, as follows:

**NATURE OF THE ACTION**

1. Denied.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

3. Denied.

4. Denied.

**PARTIES**

5. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 5, therefore they are denied.

6. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 6, therefore they are denied.

7. CashStar admits that it is a Delaware corporation with its principal place of business in Maine and that it does business throughout the United States, but denies the remaining allegations set forth in paragraph 7, therefore they are denied.

## JURISDICTION AND VENUE

8. Denied.

9. Admitted for venue purposes only, otherwise denied.

## COMMON ALLEGATIONS OF FACT

10. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 10, therefore they are denied.

11. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 11, therefore they are denied.

12. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 12, therefore they are denied.

13. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 13, therefore they are denied.

14. Denied.

15. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 15, therefore they are denied.

16. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 16, therefore they are denied.

17. Denied.

18. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 18 concerning iCard, therefore they are denied. Answering further, CashStar denies the portion of the statements of paragraph 18 directed at CashStar.

19. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 19 concerning iCard, therefore they are denied. Answering further, CashStar denies the portion of the statements of paragraph 19 directed at CashStar.

20. Denied.

21. Denied.

22. CashStar lacks knowledge or information sufficient to form a belief as to the truth of the statements of paragraph 22, therefore they are denied.

23. Denied.

## CLASS ALLEGATIONS

24. CashStar admits that Plaintiff seeks to represent a class, but denies that a class exists or that a class should be certified, and further denies the remaining allegations contained in paragraph 24.

25. CashStar admits that Plaintiff seeks to represent a class, but denies that a class exists or that a class should be certified, and further denies the remaining allegations contained in paragraph 25.

26. CashStar denies that a class exists or that a class should be certified.

27. Denied.

28. Denied. Answering further, CashStar denies that a class exists or that a class should be certified.

29. Denied. Answering further, CashStar denies that a class exists or that a class should be certified.

30. Denied (as to all allegations, including subparts (a) through (f)). Answering further, CashStar denies that a class exists or that a class should be certified.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) against Defendants on behalf of the Class

31. CashStar hereby re-alleges and incorporates by reference its answers to paragraphs 1 through 30 as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

The allegations set forth below paragraph 36 requesting relief are in the nature of a prayer for relief. Although no answer is required, CashStar denies that Plaintiff is entitled to any relief from CashStar in this action, either as prayed for in the First Amended Class Action Complaint or otherwise. CashStar further denies any relevant allegations in the prayer for relief.

### AFFIRMATIVE DEFENSES

Subject to the responses above, and without conceding that any of the following defenses must necessarily be pled or that any such defenses are not already at issue by virtue of the foregoing denials, CashStar asserts the following defenses. CashStar undertakes the burden of proof only as

to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, CashStar reserves the right to amend this Answer and the Defenses as additional information is obtained.

1. Plaintiff fails to state a claim against CashStar upon which relief may be granted with respect to each purported claim for relief or cause of action in the First Amended Class Action Complaint.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or unclean hands.

3. The First Amended Class Action Complaint fails to state facts sufficient to define an ascertainable class with a community of interest, and otherwise fails to meet the requirements of F.R.C.P. 23.

4. Plaintiff lacks standing to bring this lawsuit because she suffered no harm.

5. Plaintiff's claims are barred because any alleged damages or injuries sustained by Plaintiff were proximately caused by Plaintiff's own acts and omissions.

6. The damages alleged against CashStar are barred as they were caused by the acts and omissions of others.

7. The First Amended Class Action Complaint fails to state facts sufficient to substantiate an award of punitive or multiple damages.

8. Plaintiff's claim for injunctive relief is barred because there is an adequate remedy at law.

9. Plaintiff's claims are barred by applicable statutes of limitations or repose.

**PRAYER FOR RELIEF**

CashStar respectfully requests that this Court enter judgment in its favor and against Plaintiff that:

A.  Plaintiff's claims are dismissed in their entirety with prejudice and Plaintiff takes nothing thereby;

B.  CashStar be awarded all its reasonable attorney's fees and costs associated in defending this action; and

C.  Such other and further relief as the Court deems just and proper.

DATED this 24th day of May, 2017.

                Respectfully Submitted,
                **Law Offices of Nolan Klein, P.A.**
                *Attorneys for Defendant, CASHSTAR INC.*
                Wells Fargo Tower – Suite 1500
                One East Broward Boulevard
                Fort Lauderdale, FL  33301
                PH:    (954) 745-0588
                FAX:  (877) 253-1691

                By:  */s/ Hector V. Ramirez*
                NOLAN KLEIN, ESQ.
                Florida Bar No. 647977
                HECTOR V. RAMIREZ, ESQ.
                Florida Bar No. 484857
                klein@nklegal.com
                amy@nklegal.com
                ramirez@nklegal.com

                **Stevenson McKenna & Callanan LLP**
                Alan E. McKenna, Esquire
                ADMITTED PRO HAC VICE
                *Attorneys for Defendant, CASHSTAR INC.*
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (p)  781-740-1115
                (f)  617-330-5011
                amckenna@smcattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 24th day of May, 2017.

By:   */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQ.
Florida Bar No. 484857

## SERVICE LIST:

**DAVID P. HEALY, ESQUIRE**
Fla. Bar No. 940410
Dudley, Sellers & Healy, PL
Suntrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, FL 32309
PH:   (850) 222-5400
FAX:  (850) 222-7339
dhealy@davidhealylaw.com
*Attorney for Plaintiff*

**EUGENE Y. TURIN, ESQUIRE**
*Pro Hac Vice*
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
*Attorney for Plaintiff*

**ALAN E. MCKENNA, ESQUIRE**
*Pro Hac Vice*
Stevenson McKenna & Callanan LLP
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(p)  781-740-1115
(f)  617-330-5011
amckenna@smcattorneys.com
*Attorney for CashStar Inc.*